Irwin v. Irwin.

Case 49—PETITION EQUITY—December 8.

# Irwin v. Irwin.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. Divorces.—The discretion which the statute gives the chancellor in granting divorces from bed and board is neither arbitrary nor unlimited, but must arise from a state of fact showing that a separation is demanded for the interest and protection of the life, health or happiness of the party complaining on account of the conduct and treatment of the one in default.

2. Same—Appeal.—This court has heretofore held that no appeal lies from a judgment of divorce, whether absolute or from bed and board; but even if an appeal lies from a judgment granting a divorce from bed and board, the judgment granting the wife such a divorce in this case must, upon the husband's appeal, be affirmed, as it appears from the evidence that the husband's coldness and indifference to the wife bordered upon cruelty, while the attack made by him upon the wife's character in this case strengthens her claim to relief.

3. Same.—The evidence was not such as to authorize the chancellor to grant the wife an absolute divorce, and thus destroy all hope of reconciliation between the parties.

4. Same—Custody of Children.—In cases of separation of husband and wife the chancellor, in determining the right to the custody of the children of the marriage, will look to the comfort and happiness of the children, and confide their keeping to that parent whose time and attention can best be devoted to their care and welfare. And where the mother's ability and fitness for the trust is unquestioned, she, above all others, should be permitted to care for her own offspring. But while the custody of the children was properly committed to the mother in this case, the father and the children should be permitted to see each other once a week, and as they are advancing in years, he should be consulted as to their education, and in reference to any other matter of moment affecting their interests.

HUMPHREY & DAVIE and DODD & DODD for appellant.

1. As to what constitutes "cruel and inhuman treatment" within the meaning of the statute. (Beall v. Beall, 80 Ky., 675; Boggess v. Boggess, 4 Dana, 307; Finley v. Finley, 9 Dana, 52; Logan v. Logan, 2 B. M., 149; Canine v. Canine, 13 Ky. Law Rep , 125; Gaines v. Gaines, 19 S. W. Rep., 929; Close v. Close, 24 N. J. Eq , 338; Bishop on Marriage and Divorce, Chapter on Cruelty; Palmer v. Palmer, 7

Irwin v. Irwin.

Southern Rep., 864; Shell v. Shell, 2 Snead (Tenn.), 716; Latham v. Latham, 30 Gratt., 307.)

2. Appellant strictly observed every true rule of chivalry and propriety in his defense and proof, and a penalty ought not to be inflicted upon him for his defense against the cruel and inhuman charges previously preferred against him in this case. (Watkinson v. Watkinson, 12 B. M., 210.)

Thomas v. Thomas, 2 Cold. (Tenn.), and Cook v. Cook, 11 N. J. explained.

3. The discretion which the statute confers upon the court as to the granting of a separation from bed and board is not arbitrary or unlimited, but is a sound legal discretion, and only to be exercised for such causes as may be deemed sufficient when considered with a just and reasonable regard to the legal rights and obligations of both parties. (Meadows v. Meadows, 13 Ky. Law Rep., 45; Shrock v. Shrock, 4 Bush, 684.)

4. The evidence was not sufficient to authorize a decree of separation. (Bishop on Marriage and Divorce, secs. 68 and 70; 2 Kent's Comm., 127; Barrery v. Barrery, 4 Johns. Ch'y, 191; Logan v. Logan, 2 B. M., 142; Finley v. Finley, 9 Dana, 52.)

5. In the absence of any positive disqualification of the father for the proper discharge of his parental duties he has a paramount right to the custody of his infant child. (McBride v. McBride, 1 Bush, 15; Ellis v. Jessup, 11 Bush, 403; State v. Richardson, 40 N. H., 272; Latham v. Latham, 30 Gratt, 307; People v. Humphreys, 24 Barb, 526; People v. Brooks, 35 Barb., 85; People v. Mercien, 3 Hill, 363; Gishwiler v. Dodez, 4 Ohio, (N. S.), 615; Moore v. Christian, 56 Miss, 408.)

6. Unless the separation occurred without the fault of appellee, and unless she is entitled on the whole case to a divorce or judicial separation, it was error to allow her any alimony whatever. (Lacey v. Lacey, 15 Ky. Law Rep., 439; Davis v. Davis, 86 Ky., 32; Beall v. Beall, 80 Ky., 675; Hulett v. Hulett, 80 Ky., 364; Lee v. Lee, 1 Duv., 196.)

7. From any view to be taken of this case, the amount of alimony allowed is excessive, in view of the smallness and character of appellant's estate, and its earnings and expenses.

WM. H. HOLT ON SAME SIDE IN PETITION FOR REHEARING.

If the judgment is not reversed *in toto* the appellant should certainly be given the control and custody of the son.

ABBOTT & RUTLEDGE AND O'NEAL, PHELPS, PRYOR & SELIGMAN FOR APPELLEE.

1. Neither actual nor threatened violence need be shown in order to entitle the wife to a divorce upon the ground of cruelty. (Carpenter v.

Carpenter. 30 Kans.; Beall v. Beall, 80 Ky., 678; Avery v. Avery, 33 Kans.. 5; Wheeler v. Wheeler, 53 Iowa, 513; McCartin v. McCartin, 37 Mo. App., 473; Dawson v. Dawson, 17 Mo. App., 393; Hoyt v. Hoyt, 56 Mich., 50; Bohn v. Bohn, 62 Texas, 521; Jones v. Jones, 60 Texas, 460; Melvin v. Melvin, 130 Pa. St., 6; Kelly v. Kelly, 18 Nev. 57.)

2 The character of the defense made by the husband amounts to cruelty. (Cook v. Cook, 11 N. J., 3 Stockton; Thomas v. Thomas, 2 Cold. (Tenn.)

3. The evidence shows that appellee is the proper person to have the care and custody of the children.

4. The amount allowed appellee for the support and maintenance of herself and children is too small.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This suit in equity was instituted in the court below by Carrie B. Irwin against her husband, Joseph B. Irwin, in which she sought an absolute divorce, and was granted by the judgment a divorce only from bed and board, and given the custody of her two children, with certain allowances made to her in the way of alimony and the payment of the fees of counsel. The husband takes the original appeal and the wife asks a cross-appeal, and insists that the prayer of her petition should have been granted.

This is a voluminous record, made up mostly of irrelevant and incompetent testimony, for which both parties seem to be responsible, and in which no light is thrown upon the history of their married lives. Neither the treatment by the appellant of his first wife, and the sad ending of her existence, for which he seems to have been in no wise responsible, or the standing, whether good or bad, of the appellant in the profession to which he belongs, can be considered in the determination of this case, and the record should not have been encumbered by such collateral issues.

These parties were married on the 22d of February, in the year 1882, and the precise time at which their domestic troubles began the testimony fails to disclose, but it is manifest that soon after their removal from Evansville to the city of Louisville, which was in the month of April of the year 1884, the wife, who, prior to that time, always evidenced a cheerful and contented disposition, became melancholy and unhappy in her married relation, and whether from a nervous and anxious condition, often the result of married life, or from the indifference of her husband to her comfort and happiness, is one of the questions of fact involved.

The testimonials to the refined and pure character of Mrs. Irwin, from those who were her intimate friends, conduce strongly to show that the statements of the servants employed about the house of the defendant as to acts and confessions on the part of the wife, tending, if true, to degrade her in the estimation of her friends, are entitled to but little credence, and when the husband, in his defense, resorts to the evidence of domestics, who, to say the least, are not of the most reputable character, for the purpose of showing, on the part of the wife, a course of conduct towards both himself and children at total variance with her whole life, it creates at least a suspicion that her wrecked condition, physically and mentally, is to be attributed to a want of affection on the part of her husband.

That the plaintiff was a devoted wife and mother, this record abundantly shows, and even from the testimony of the principal witnesses for the defense, it

is evident that if the husband, who must have known
the physical condition of the wife, had exhibited to
her some evidence of his affection, this unfortunate
litigation would never have arisen.

In the course of their married life the plaintiff be-
came *enceinte* seven or eight times during a period
of nine years, and her nervous system was in such a
condition as required on the part of the husband the
most careful nursing and tender care. She was sacri-
ficing her health, and even her life, in giving evidence
of her affection for him, and the indifference on his
part to her condition, and an absence of consideration
for her happiness, was calculated not only to aggravate
her nervous condition, but made her married life any
thing but pleasant.

There never was any actual violence committed by
the husband upon the wife, nor any threats of vio-
lence made, but such cruelty may be inflicted on the
wife by exhibitions of a want of affection and a dis-
regard of the marital relation as in its results or
effect on the wife would exceed in punishment any
blow that might be inflicted upon her person.

It must be conceded that the defendant in this case
is devoted to his children, and we are not satisfied
the evidence before us presents such a state of case
as would authorize a judgment *a vinculo matrimonii*,
and thus destroy all hopes of reconciliation between
these parties ; and the statute designed to meet such
a case as the one before us provides that "a judg-
ment from bed and board may also be rendered for
any of the causes which allow a divorce, or for such
other cause as the court in its discretion may deem
sufficient."

This discretion is neither arbitrary nor unlimited, but must arise from a state of fact showing that a separation is demanded for the interest and protection of the life, health or happiness of the party complaining, on account of the conduct and treatment of the one in default. The wife not being entitled to a divorce *a vinculo*, it is proper to inquire upon what ground the separation from bed and board has been granted; for if such a judgment is not authorized, it will affect the question as to which of the two is entitled to the custody of the infant children.

In the case of Evans v. Evans, reported in 93 Ky., 510, it was held by this court that no appeal could be granted from a judgment of divorce, whether absolute in its character, or from bed and board, and if this opinion is adhered to, the appeal of the husband can only present the question as to the custody of the children; but if the views of counsel are to prevail, and the right of appeal exists, it is plain from the facts before us the judgment for the wife should be sustained. The coldness and indifference on the part of the appellant towards his wife for several years succeeding the separation, was such as to render her life almost intolerable, and while his conduct can not be said to be inhuman, it bordered on a degree of cruelty that must have tended to destroy her peace of mind and rendered her an unhappy woman. It is not necessary to allude to the particular facts or acts evidencing the want of sympathy and solicitude upon the part of the defendant for his wife in her unfortunate condition, but it may be said that when the defendant brought into this case testimony that, if true, must

lessen the wife's claim to the respect and love of her friends, it strengthened her claim for relief, and demanded at the hands of the chancellor such a judgment as was rendered below. He has confided the custody of the children to their mother, who, above all others, should be permitted to care for her own offspring, when her ability and fitness to do so is unquestioned, and this part of the judgment will not be disturbed.

The absolute dominion on the part of the husband over the person of the wife and his custody of the children when separation takes place, recognized by the rule of the common law, is neither sanctioned nor approved by the enlightened jurisprudence of the present day, and the chancellor, when a separation has been ordered, will look to the comfort and happiness of the children, and confide their keeping to that parent whose time and attention can best be devoted to their care and welfare. This the chancellor has done, and retains the case on the docket that he may make such orders as to the care of the children as circumstances require. The father or the children should be permitted to see each other once a week, and as they are advancing in years he should be consulted as to their education, and in reference to any matter of moment affecting their interests.

The judgment is affirmed on the original and cross-appeal as to all the questions made.

To a petition for rehearing filed by counsel for appellant, Judge PRYOR delivered the following response of the court:

Irwin v. Itwin.

In the petition for a rehearing there is no reason assigned or argument made for a reversal that was not fully considered on the original hearing.

In the opinion below the appellant was permitted to see his children certain hours on each day; this we thought not only inconvenient to both parties, but unnecessary, and supposed the chancellor below would fix the time and place where at least once a week the appellant could see his children, and certainly not at the home of the wife's father.

The petition now asks this court to give the custody of the son to the appellant. This we are not inclined to do. The nervous condition of the wife, augmented in its effect upon her by the treatment of the husband, is such that a separation from the child might produce disastrous results. The boy is quite young, and from the proof in this record is being well taken care of, and while we recognize, as counsel suggests, that the husband has *feeling* as well as the wife, we know the affection of the mother for her offspring is more intense than that of the father, and we are not disposed to sunder ties that would but add to the misfortunes of the wife, whose condition to a great extent has been caused by the want of affection on the part of the appellant. The chancellor below has retained full power and control over the judgment in this case as to the custody of the children and their welfare, and if the son is old enough to go to school and the father desires it, he ought to be sent to school.

Petition overruled.