CASE 57—Action by Sarah R. Boreing v. Vincent Boreing for·Divorce and Alimony.—Jan. 13.

## · Boreing v. Boreing.

APPEAL· FROM LAUREL CIRCUIT COURT.

From so Much of a Decree of Divorce as Refused to Allow ·Plaintiff Maintenance or Alimony, She Appeals. Reversed.

Divorce—Five Years' Separation—Domicile of Wife—Competency of Wife as Witness—Alimony—Pleading.

Held: 1. If, in an action by a wife for divorce on the ground of five years' separation, it is necessary, in order to maintain her claim for alimony, that she should allege that the separation was without her fault, her omission of such allegation is cured where the defendant in his answer alleges that the separation was without his fault.

2. A wife living separate from her husband for five years does not. lose her residence in the State of his domicile, for the purpose of an action for divorce, by going into other States to teach and do other work in order to support herself.

3. A wife is not competent to testify in an action brought by her· for divorce.

4. A wife suing for divorce on the ground of five years' separation was justified in leaving her husband, though he had used no physical violence towards her, and had never stinted her in money matters, where it appeared that his conduct towards her had become so rude and negligent as to make it apparent that she had lost his love and affection, that he was habitually rude to her lady visitors, that he often left home to be gone for several weeks at a time, without ever informing her of his proposed departure, etc.

5. A wife who, having left her husband on account of his indifference and neglect, obtained a divorce after five years' separation, and who was in destitute circumstances, and without means of support, was entitled to reasonable alimony.

WILLIAM R. RAMSEY, for appellant.

### POINTS AND AUTHORITIES CITED.

1. Appellant entitled to divorce. Kentucky Statutes, sec. 2117; Newsome v. Newsome, 95 Ky., 393; Clark v. Clark, 21.

Boreing v. Boreing.

R., 955; Irwin v. Irwin, 20 R., 1764; Lacey v. Lacey, 95 Ky., 110.

2. As to letter of appellee preparing defense to suit. Fishli v. Fishli, 2 Littell, 341.

3. Appellant entitled to attorney's fee, taxed as costs. Kentucky Statutes, sec. 900; Dugan v. Dugan, 1 Duvall, 284; Ballard v. Caperton, 2 Met., 412; Meyer v. Meyer, 3 Met., 273; Williams v. Monroe, 18 B. M., 410; Callender v. Callender, 15 R., 64; Turner v. Turner, 23 R., 372.

4. Fixing fee without hearing proof is error. Whitney v. Whitney, 7 Bush, 520; Schneider v. Schneider, 23 R., 1154.

5. Appellant entitled to alimony during pendency of suit. Kentucky Statutes, sec. 2122; Whitsell v. Whitsell, 8 B. M., 50; Caskey v. Caskey, 1 R., 280; Cravens v. Cravens, 4 Bush, 435; Lochnane v. Lochnane, 78 Ky., 467.

6. Appellant entitled to permanent alimony. Kentucky Statutes, sec 2122; Wilmore v. Wilmore, 15 B. M., 49; Hoagland v. Hoagland, 10 R., 241; Newsome v. Newsome, 95 Ky., 393; Hulett v. Hulett, 80 Ky., 364.

7. Not necessary that actual physical or threatened violence be shown. Rice v. Rice, 6 Indiana, 100; Carpenter v. Carpenter, 30 Kansas, 744; Avery v. Avery, 33 Kansas, 1; Warner v. Warner, 54 Mich., 492; Irwin v. Irwin, 96 Ky., 318; Shrock v. Shrock, 4 Bush, 684; Thornberry v. Thornberry, 4 Littell, 253.

8. Wife entitled to alimony, although not entirely blameless. Griffin v. Griffin, 8 B. M., 120.

9. Wife entitled to alimony where she is blameless, in one case one-half, and in other one-third of husband's estate. Quisenberry v. Quisenberry, 1 Duvall, 198; Thornberry v. Thornberry, 4 Littell, 253.

10. When husband in fault, alimony allowed wife. Canine v. Canine, 13 R., 124; Davis v. Davis, 86 Ky., 32.

11. When both husband and wife in fault, alimony allowed. Edwards v. Edwards, 84 Ala., 361; Russell v. Russell, 17 R., 798; Pore v. Pore, 20 R., 1981.

12. When ground for divorce, five years' separation, alimony allowed. Lacey v. Lacey, 95 Ky., 110; Newsome v. Newsome, 95 Ky., 383; Irwin v. Irwin, 20 R., 1761.

13. Separation not required to be mutual and voluntary. Kentucky Statutes, 2117; Davis v. Davis, 19 R., 1520; Ferguson v. Ferguson, 8 R., 428; Clark v. Clark, 21 R., 955; Pile v. Pile, 94 Ky., 308.

14. Alimony an incident to divorce or may be obtained by independent action. Vol. 1 Ency. P. & P., 417; Vol. 2 Bishop, Marriage, Divorce and Separation, secs. 488, 1067; Hulett v. Hulett, 80 Ky., 364; Tilton v. Tilton, 16 R., 538.

W. S. PRYOR, FOR APPELLANT.

Counsel for the appellee in their brief have referred to section 2122, Kentucky Statutes, that reads: "If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before her marriage if she desired it."

We are not insisting that this statute should be so construed as to give to one alimony, although there has been a separation for five years, if she has left the husband without any cause, but we do maintain that, where the husband is possessed of an estate, and the pleadings and testimony show that the wife is penniless, the court, in granting a divorce, will allow alimony to the wife, in the absence of testimony showing the fault to be on the part of the wife. In other words, where there is an absence of testimony showing the wife to be in fault, that under this statute the burden is not upon her to show that she was not in fault, nor was it necessary to so allege. The five years having elapsed the judgment for the divorce necessarily followed, but the wife, claiming alimony, and alleging her penniless condition, and the ability of the husband to maintain her, the court would inquire into the facts, to ascertain whether or not the wife left the home of the husband in order to obtain alimony, and that he was without fault.

If, as is contended, it was necessary under this five years' statute to allege that the separation was without the fault of the wife, the failure to so allege is cured by the answer of the appellee, in which it is alleged the fault was not his, but that of the wife, still it is not necessary to make any such averment, as the statute authorizes the divorce to either party where they have lived separate for five years, and alimony, being a mere incident of the divorce, the court may and will inquire into the conduct of the parties in determining the question of alimony, and in the exercise of a judicial discretion may limit the judgment to a mere question of costs, but we maintain that the discretion in this case, on the part of the chancellor, was purely arbitrary, and the husband by the decree left in affluence and wealth, with the wife absolutely in want, but for her untiring efforts to earn a support. The testimony in this case shows she is entirely blameless of any wrong.

We are not insisting on the competency of the wife's testimony, and only offered it to rebut the manufactured testimony in the shape of a letter, written by the appellee, inviting the wife to return to his home.

Boreing v. Boreing.

The testimony of appellee's own witnesses show the appellant to have been blameless, and whilst the wife of the appellee, no family discord was ever caused by any improper conduct on her part, but as was said by this court in Irwin v. Irwin, 96 Ky., and it applies to this case, "The coldness and indifference on the part of appellant towards his wife, etc., bordered on a degree of cruelty that must have tended to destroy her peace of mind and render her an unhappy woman." Page 323, section 900 of the Kentucky Statutes, providdes: "In actions for alimony and divorce the husband shall pay the cost of each party, unless it shall be made to appear in the action the wife is in fault, and has ample estate to pay the same."

TINSLEY & FAULKNER, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The wife was an incompetent witness and exceptions to her evidence were properly sustained.     Fight Master v. Fight. Master, 22 Ky. Law Rep., 1512.

2. Where the evidence tends to show no mistreatment on the part of the husband, but on the contrary that he always treated her well and provided for her, even though there was some evidence tending to show that she and his children did not get along well together for which he was not responsible, alimony will not be allowed.  Springer v. Springer, 21 Rep., 1292.

3. If the wife choose without cause to live separate and apart from her husband, he should not be required to contribute to her maintenance.     A trivial excuse such as he would not build' a larger house, furnish no ground for her leaving him.  Woolfork v. Woolfork, 96 Ky., 657.

4. Exhibition of temper on the part of either husband or wife, or occasional quarrels between them that would render the marriage unpleasant; or language that would pain a sensitive woman or the manners of a husband that may appear rough in contrast with those educated in the refinement of social life, although established, constitute no ground of divorce.     Beal v. Beal, 80 Ky., 676.

5. No reasonable cause has been shown for her abandonment of her husband, and therefore, if she chooses to live separate and apart from him he should not be requirel to support her or contribute to her maintenance.     Lee v. Lee, 1 Duvall, 196.

6. It is the policy of the law to impress those who enter into the marriage relation with the idea that it is to be as permanent as their lives.     Griffin v. Griffin, 8 B. M., 121.

7. The case of Newsome v. Newsome, 95 Ky., 383, is not at all in point with this.     If the court will examine the record in

Boreing v. Boreing.

that case it will see the parties had lived together till all their children were raised. The wife had helped to accumulate the estate and the separation was in effect by mutual consent for five years.

T. L. EDELIN, FOR APPELLEE.

I conclude from the examination I have made of the record:

1. That the separation; that is, the continuous separation, created by Mrs. Boreing and existing in other States than Kentucky, was not a ground for a divorce upon her petition; and if not, then she was not entitled to alimony in any event.

2. Her pleadings having failed to allege that the supposititious cause of divorce had its original in the fault of the defendant, the court properly dismissed her action for alimony upon the pleadings themselves.

3. If it should be held that this position is unsound, then there is an absolute failure of proof on the part of Mrs. Boreing that the separation was the result of any fault at all on Vincent Boreing's part.

4. The testimony of Mrs. Boreing was so palpably incompetent that its injection into the record seems to have resulted from the hope that your honors would read it and be unable to disregard it in making up an opinion on the facts.

For these reasons, it seems to me that the judgment of the court below ought to be affirmed.

### CITATIONS.

Civil Code, sec. 423; Ferguson v. Ferguson, 8 Ky. Law Rep., 428; Pile v. Pile, 94 Ky., 308; Irwin v. Irwin, 20 Ky. Law Rep., 1761; Griffin v. Griffin, 12 B. M., 120; Lee v. Lee, 1 Duv., 196; Woolfolk v. Woolfolk, 96 Ky., 657; Cravens v. Cravens, 4 Bush, 435; Orr v. Orr, 8 Bush, 156; Bogus v. Bogus, 4 Dana, 307; Beall v. Beall, 80 Ky., 675; Lambert v. Lambert, 23 Ky. Law Rep., 592; Taylor v. Taylor (Iowa, May 12, 1890); Neff v. Neff, 20 Mo. App., 183; Alkire v. Alkire, 33 W. Va., 517; Martin v. Martin, Same, 695.

CHAS. R. BROCK, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. A wife can not legally testify against her husband.

2. The living apart was not mutual or voluntary, and the divorce therefore was improperly granted.

3. The living apart did not occur within the State of Kentucky, and for this reason the divorce was improperly granted.

4. If the appellant had no cause of action for alimony when

Boreing v. Boreing.

she left the home of appellee, mere lapse of time will not and can not develop or create such cause of action.

### AUTHORITIES CITED.

Civil Code of Practice, sec 606; Fightmaster v. Fightmaster, 22 R., 1512; Lambert v. Lambert, 23 R., ——; Pile v. Pile, 94 Ky., 308; Ferguson v. Ferguson, 8 R., 428; Becket v. Becket, 17 B. M., 297; Hall v. Hall, 19 R., 1312; Tipton v. Tipton, 87 Ky., 426; Newsome v. Newsome, 96 Ky., 383; Canine v. Canine, 13 R., 124; Lee v. Lee, 1 Duv., 197; Woolfolk v. Woolfolk, 96 Ky., 657; Springer v. Springer, 19 R., 1292; Kentucky Statutes, sec. 2122; Irwin v. Irwin, 20 R., 1764; Lacy v. Lacy, 95 Ky., 113; Davis v. Davis, 86 Ky., 32; Beall v. Beall, 80 Ky., 675; Kent's Com., vol. 2, p. 126; Finley v. Finley, 9 Dana, 52; Barrere v. Barrere, 4 Johnson's Chan., 187; Logan v. Logan, 2 B. M., 146.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, Vincent Boreing, and the appellant, Sarah R. Boreing, were married in Laurel county, Ky., in 1889, and lived together as man and wife until 1893, when appellant left appellee's home, and has lived separate and apart from him, without cohabitation, ever since. After leaving appellee, appellant departed from the State of Kentucky, and spent the greater part of the time intervening between said date and the time when this action was instituted in various parts of the United States, teaching school and doing clerical work in order to support herself. She finally returned to this State, and on the 23d day of February, 1901, instituted this action against her husband, praying for a divorce from the bonds of wedlock with him, upon the ground of their having lived separate and apart, without cohabitation, for five consecutive years next before the institution of the action. She further alleges in her petition, among other things, that she was without any estate or income, was out of employment or means of support, and that the appellee, her husband was the owner of a large estate, from which he derived, together with

his avocations, a large annual income; and she prays for alimony, maintenance, and costs, including reasonable counsel fees. Upon the trial of the case below, the chancellor divorced appellant from appellee *a vinculo matrimonii*, but refused to award her either maintenance or alimony, from which latter part of the decree she is in this court on appeal.

We think the allegations of the petition are sufficient to warrant both the claims for divorce and alimony; but, if there be any weight to the contention that it was necessary, in order to maintain her claim for alimony, that she should have alleged that the separation was without her fault, it is clear that appellee's specific allegation in his answer that the separation was without his fault cured such defect.

We do not think that appellant lost her residence in Kentucky by the fact that, in order to maintain herself, she left the State; she was still the wife of appellee, and his residence was her residence, and continued to be so during all of the time that she was absent. The separation commenced in Kentucky, and, if it be necessary, in order to obtain a divorce on the grounds relied upon in this action, that her home should have been in Kentucky during the five years specified, we think that the facts in this case show that appellant had the necessary residence here

The appellant was not competent to testify in this case, and the exception to her deposition was properly sustained.

The record shows a lamentable state of affairs existing between the parties hereto. They are both people of high standing, culture and social position, and it is a matter of deep regret that their marital life should have been so

unfortunately disrupted. Appellant is shown, by all of the evidence in this case, to be a woman of the highest education and refinement, deeply religious in her life, gentle in her manners, and considerate of all with whom she came in contact. When she went to the home of appellee as his wife, she seems to have been a happy, bright, and cheerful woman. She took up her household duties at once, and discharged them, during the time that she remained in the house of appellee, faithfully and well. All of the witnesses agree upon this, whether they have deposed for her or for her husband. The household work cast upon her was hard and onerous, and she often performed domestic labor which must have severely taxed both her strength and patience; but this record fails to show that she at any time complained of or repined at the hardness of her lot. We are not disposed to impute any blame to appellee for this state of affairs. It may have been (and he is entitled to the presumption, in the absence of evidence on that point) that there was great difficulty in obtaining household help in London, and that it was the result of his inability to obtain domestic servants that his wife had to perform the severe duties of which the witnesses speak. Perhaps we could not better illustrate her self-sacrificing fidelity to her husband's interest than by relating that the evidence shows that upon one occasion, when there was a political convention being held in London, before which her husband was a candidate for nomination, his wife left the side of her dead mother, where she was watching, in order to superintend and assist in preparing dinner at his home for the entertainment of his political friends. It does not appear that this was done at the request of appellee, and we freely acquit him of any insistence that

she should perform this work under these sad circumstances; but the fact does show how loyal she was to him, and how far she would sink her own sorrow in order to further his interest. The appellee is shown by the evidence in this case to be a man of a high order of intellect, that he possesses great energy and financial ability, and that during all of the time that he and appellant lived together he was an exceedingly busy man. He had very large interests in various enterprises. He was a speculator in timber and coal lands in Eastern Kentucky, was president of a bank, director and large stockholder in coke and coal mining companies and other large corporations, and was absent from home a large part of his time. The evidence shows that, while he was never guilty of physical violence towards the appellant, he treated her constantly with cold indifference and neglect, that he was habitually rude to her lady visitors, and that his conduct greatly humiliated and depressed her. Appellee would leave home and be gone for several weeks at a time, without having informed his wife of his proposed departure, and upon his return after such prolonged absence would greet her with as little warmth of affection as if he had returned from an absence of a few hours only. We do not believe that appellee ever stinted appellant in money matters, or that she ever lacked, by reason of his fault, anything to make her physically comfortable; but we do believe that his conduct towards her was so rude, cold, negligent as to make it apparent that she had lost his love and affection. A woman as gentle, faithful, and loyal as this record shows appellant to have been is entitled to something more from her husband than food, raiment, and shelter; and that to such a woman, living, as the wife of appellee, under the conditions shown by this record, was intolerable. This court is of opinion that appellant had the

right to leave the fireside of appellee when she found that she had lost his love, and realized that she was his wife in name only.

The evidence in this case shows that appellee himself realized that he had not treated the appellant properly, as he confessed to one of his own witnesses. It shows that appellant is destitute, and without any means of support, and we believe that she is entitled to a reasonable alimony. It is not necessary, in order to reach this conclusion, to hold that, where the wife is destitute, she is entitled to alimony without regard to whether or not the separation was the result of her fault, where the judgment of divorce is based on the five-years statute, although this court in the case of Newsome v. Newsome, 95 Ky., 383 (15 R., 801), 25 S. W., 878, so held. In that case it is said: "But either may sue for and obtain a divorce by simply alleging and proving the fact they had lived apart, without any cohabitation, for five consecutive years; no judicial investigation respecting cause of separation, nor inquiry as to who is in fault in meaning of the statute, being required in order to determine the right to divorce. It therefore seems to us, giving the statute a reasonable construction, that the husband is required, in a case like this, to pay the costs of each party, without inquiring whether the wife is in fault. And as it is well settled that an allowance for services of the wife's attorney, when legally authorized, may be taxed as costs, and no complaint is or could be fairly made that the amount is excessive, it was not error to make it. It seems to us equally manifest that the provision of the statute denying alimony to the wife except on a divorce obtained by her was intended to apply in that class of cases where a divorce obtained by the husband involves fault of the wife; not in cases like this, where, as either may maintain

the action, it is not a material or legitimate inquiry, in determining the right, who is in fault." It seems to us that the case at bar can not be distinguished from the case of Irwin v. Irwin, 96 Ky., 318 (16 R., 657) 28 S. W., 664, 30 S. W., 417, where this court, in speaking of the conduct of the husband toward the wife as constituting the basis of her right to a separation from him, say: "There never was any act of violence committed by the husband upon the wife, nor any threats of violence made; but such cruelty may be inflicted upon the wife by exhibitions of want of affection and a disregard of the marital relations as, in the results or effect on the wife, would exceed in punishment any blow that might be inflicted upon her person.

The coldness and indifference on the part of the appellee toward his wife for several years was such as to render her life almost intolerable. And, while his conduct can not be said to be inhuman, it bordered on a degree of cruelty that must have tended to destroy her peace of mind and render her an unhappy woman. Upon the principle thus announced this court affirmed a judgment divorcing the parties *a mensa et thoro,* and awarding the wife maintenance; under this judgment the parties lived separate and apart for five years, when without new provocation upon the part of the husband, they were divorced *a vinculo matrimonii* and alimony awarded the wife. 105 Ky., 632, 20 R., 1761, 49 S. W., 432. The court in the case cited ratified and approved the wife's leaving her husband for the precise character of mistreatment of which appellant is complaining, and we think her claim is as meritorious as that of the wife in the Irwin case.

We are not impressed with the offer of reconciliation made by appellee. The circumstances and details of this transaction stamp it as an act of strategic diplomacy, rather

Boreing v. Boreing.

than a proposition of reconciliation flowing from a loving and contrite heart.

In regard to the amount of the alimony to be allowed, we think that, considering the estate of appellee, the social standing of both himself and his wife, his ample fortune, and his general financial ability, there should be awarded the wife an allowance of such an amount as will, if invested with reasonable prudence, produce an income sufficient to support her comfortably, and which will not be disproportionate to appellee's fortune. The record does not show with sufficient clearness the wealth of appellee, and upon return to the court below the case should be referred to a commissioner, who should hear evidence and report to the court a lump sum to be allowed appellant as alimony, having reference to the principle in regard thereto herein enunciated.

We think the counsel for appellant should be allowed the sum of $750 additional for their services—$500 for their services in this court, and $250 for their services in the court below—to be taxed as costs.

Wherefore the judgment is reversed for proceedings consistent with this opinion.