# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## APRIL TERM, 1909.

CASE 1.—ACTION BY FLORENCE P. CUMMINGS AGAINST ORVILLE CUMMINGS FOR DIVORCE.—March 23, 1909.

## Cummings v. Cummings

Appeal from Kenton Circuit Court, Common Pleas Division.

M. L. HARBESON, Judge.

Judgment dismissing petition, plaintiff appeals-- Reversed.

Divorce — Venue — Plaintiff's Residence — "Resident."—A wife, who lived in a particular city with her husband during their cohabitation, and who, when abandoned, went to another State solely to make a living, acquiring no domicile there, and regarding such city as her home, was a resident of such city within Ky. St. 1909, Sec. 2120 (Russell's St. Sec. 70), requiring one year's continuous residence next before suit for divorce.

OSCAR H. ROETKIN for appellant.

AUTHORITIES CITED.

Boreing v. Boreing 114 Ky. 522; Dunlop v. Dunlop, 3 Ky. Law Rep. 20; Johnson v. Johnson, 12 Bush 487; Tipton v. Tipton, 87 Ky. 246; Tudor v. Tudor, 101 Ky. 530; Radford v. Radford, 26 Ky. Law Rep. 654; Civil Code, Sec. 423.
No brief for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Florence Piercy Cummings and Orville P. Cummings were married on August 29, 1905. They lived together as husband and wife until November 20, 1906. On March 6, 1908, she brought this suit against him for divorce in the Kenton circuit court, alleging that without fault on her part he had abandoned her, and that the abandonment had continued for more than one year last past. Proof was taken, and on final hearing the circuit court dismissed her petition on the ground, as shown by his opinion, that she was not a resident of the State of Kentucky within the meaning of the statute. From this judgment she appeals.

The proof taken on her behalf establishes the abandonment as charged, and the only question we deem it necessary to consider is whether she was a resident of Kenton county, and had been for a year last past, when she filed her petition. She and her husband during their whole married life lived at Covington, and he continued to reside there after their separation. She, being without means of support, secured a situation at Columbus, Ohio, through friends in Covington, and has since been working there, although she has returned to Covington several times temporarily. Her going to Columbus was simply because she secured employment there in a chemical laboratory. She is only there for the purpose of making a living, and always speaks of Covington as her home. She has acquired no domicile there, and

the suit was brought in the county in Kentucky in which alone she has had her home. The case seems to be upon all fours with Boreing v. Boreing, 114 Ky. 522, 71 S. W. 431. In that case the court said: "We do not think that appellant lost her residence in Kentucky by the fact that, in order to maintain herself, she left the State. She was still the wife of appellee, and his residence was her residence, and continued to be so during all of the time that she was absent. The separation commenced in Kentucky, and, if it be necessary, in order to obtain a divorce on the grounds relied upon in this action, that her home should have been in Kentucky during the five years specified, we think that the facts in this case show that appellant had the necessary residence here." The facts in that case cannot be distinguished from the facts here. To same effect, see Dunlop v. Dunlop, 3 Ky. Law Rep. 20.

The statute provides (Ky. St. Sec. 2120 [Russell's St.] Sec. 70): "Action for divorce must be brought in the county where the wife usually resides, if she has an actual residence in the State; if not, then in the county of the husband's residence. And no action shall be brought by one who has not been a continuous resident of this State for a year next before its institution." Construing this statute, in Johnson v. Johnson, 12 Bush, 487, the court said: "The real object, we have no doubt, was to so regulate the jurisdiction as to subserve the convenience and possibly the interest of the wife, by making the jurisdiction local to that county in which she should, at the time of the commencement of the suit, have an actual residence; and, if she had no such residence in the State, then to the county of the husband's residence." The cause of divorce here occurred in Kenton county. That county was the county of the husband's residence, and the wife had no residence in the State outside of Kenton county. The suit was, therefore, properly brought in that county.

Judgment reversed, and cause remanded for a judgment as above indicated.