## Peterson v. Peterson.

(Decided December 2, 1913).

## Appeal from Logan Circuit Court.

Divorce—Action For by Non-resident Wife—Jurisdiction.—Where a cause of divorce occurs in this state and thereafter the wife removes from the state, she may bring an action against her husband in the county in which he resides in this state, although she may not have been an actual resident of the state for a year next before the institution of her action.

JOHN STITES, S. R. CREWDSON for appellant.

SELDEN Y. TRIMBLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, who is the wife of the appellee, brought this suit against him in Logan County in May, 1913, asking for a divorce and alimony, and also that she be given the custody of their infant child. The appellee, although summoned in Logan County, did not enter his appearance or make any defense. The lower court, on hearing the case, dismissed the petition, apparently for the reason that the evidence did not show that the appellant had been an actual resident of the State for more than one year before the institution of the action.

Section 2120 of the Kentucky Statutes reads: "Actions for divorce must be brought in the county where the wife usually resides, if she had an actual residence in the State; if not, then in the county of the husband's residence. And no such action shall be brought by one who has not been a continuous resident of this State for a year next before its institution."

The evidence taken in behalf of appellant showed that the parties to this suit were married in the State of New York in 1906, and resided in that State until February, 1911, when they moved to the city of Louisville, in the State of Kentucky, at which place they lived until May, 1911, when the separation took place. Since then the appellee has had an actual residence in this State, and at the time of the institution of this suit had an actual residence in Logan County, in which County the suit was brought. But the appellant, upon the separation, returned to her former home in the State of New York and has since resided in that State.

Under the authority of Dunlop v. Dunlop, 3 Ky. L. R., 20: Cummings v. Cummings, 133 Ky., 1, and Miller v. Miller, 141 Ky., 681, construing section 2120, of the statute, the court erred in dismissing the petition, as the Logan Circuit Court had jurisdiction of the subject matter of the action and the person of the defendant and power to grant the relief sought.

Wherefore, the judgment is reversed, with directions to enter a judgment granting the prayer of the petition.