## George v. George.

### (Decided March 4, 1921.)

### Appeal from Pike Circuit Court.

1. Divorce—Domicile of Wife.—The general rule, that the residence or domicile of the wife is that of her husband, does not prevail in divorce proceedings where the wife may establish for herself a residence or domicile which will govern her right to proceed against her husband to procure a cancellation of the bonds of matrimony, and if she retains the matrimonial domicile after her husband has abandoned her she will be deemed to have elected to make it her separate residence and domicile.

2. Divorce—Grounds—Domicile of Wife.—Under our statute (section 2120), before a plaintiff in a divorce suit may maintain the action in this state, and before the court will take jurisdiction of the cause, it must be alleged and proven that plaintiff has been a continuous resident of this state for at least one year before filing the suit and that she or he was a resident of this state when the cause of action accrued, and if it accrued out of this state it must

be alleged and proven that it was a ground for divorce under the laws of the state where it occurred.

3. Divorce—Actual Residence.—Residence within the meaning of the statute means "actual residence," animus marendi, but where the marital domicile was in this state and the parties were residents of this state at the time the cause of action occurred, a temporary absence from the state with no intention to abandon it as a residence will not destroy the "actual residence" in this state.

4. Divorce—Alimony.—The above rules, however, do not apply in suits for alimony only, which may be maintained independently of one for a divorce. Such independent alimony suits are transitory in their nature and are furnished to the wife as a remedy to compel the husband to discharge his marital obligation to maintain and support her, and that court where the husband may be found and served with process has jurisdiction to hear and determine the controversy.

5. Divorce—Grounds—Living Apart Without Cohabitation.—The ground for divorce of "living apart without any cohabitation for five consecutive years next before the application" occurs where the separation took place, and not at the place where the husband located after the separation, and where he resided until the expiration of the time.

R. H. COOPER for appellant.

No brief filed for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Mary J. George, and the appellee and defendant below, E. E. George, are husband and wife. They were married on October 13, 1892, in the state of Michigan. Children were born to them and they lived together in that state of their matrimonial domicile until 1913, when defendant, as alleged in the petition, abandoned plaintiff without cause and came to the state of Kentucky and located in Pike county, since which time, as alleged, he has accumulated a considerable amount of property consisting in the main in coal mining operations. Plaintiff continued to reside at the matrimonial domicile in Michigan and has never had an actual residence or an actual domicile in Kentucky. In January, 1920, she filed this suit in the Pike circuit court (the place of defendant's residence) against him seeking an absolute divorce upon the ground of "living apart without any cohabitation for five consecutive years next before the application." Plaintiff also asked an allowance of $20.00 per week alimony and that defendant be required to pay her that sum. The defendant was served with

process but he failed to appear and made no defense to the action. Upon final submission, after proof taken, the court dismissed the petition and declined to adjudge the plaintiff any relief whatever, and complaining of that judgment she prosecutes this appeal.

The record does not inform us as to the ground upon which the court acted, but we think, as will hereinafter appear, the court was justified in dismissing the action in so far as it sought an absolute divorce upon two grounds: (1) want of jurisdiction to grant the divorce because plaintiff was not a resident of this state and had not been continuously so for òne year next before the institution of the suit, as is required by section 2120 of the statutes, and (2) that plaintiff did not allege or prove that the cause of divorce relied on was one given by the laws of Michigan where she resided, and where the separation occurred as is also required by the same section of the statutes.

The first reason stated is challenged by plaintiff's counsel because it is insisted that the general principle of law making the domicile of the wife follow that of her husband, and likewise as to the residence of the wife, applies in divorce cases and that plaintiff has all the while since the separation been a constructive resident of the state of Kentucky and constructively domiciled therein, notwithstanding she has been actually domiciled in, and been an actual resident of the state of Michigan during that time. To this proposition we can not agree. An exception to the rule that a wife's domicile or residence is constructively that of her husband is quite universally recognized by courts and text writers to exist in divorce proceedings, and it is held that either spouse may acquire a separate residence or domicile after the *delictum,* and that the right to maintain divorce proceedings will be governed by the local law of the acquired residence or domicile. This exception to the general rule is thus stated in section 112, Vol. 2, of Bishop on Marriage, Divorce and Separation: ''The relation of husband and wife, considered without reference to divorce, makes their habitation one, the husband to determine where it shall be; so that in law her domicile is said to follow his. But a rule of law is qualified by and ceases with the reason whence it is derived. Therefore this rule can not prevail in a divorce cause, founded on the allegation of a *delictum,* which legally justified a living apart, and took away the husband's right to fix the domicile of the wife. For the allegation of

the *delictum* and the allegation or assumption of a domicile in her derived from his would be repugnant, consequently bad in law.   Necessarily, therefore, the law must and does permit separate domiciles for divorce.''

The subject is extensively discussed in the annotation to the case of Succession of Benton, reported in 59 L. R. A., on page 135.   On pages 146, 147 and 149, of the annotation referred to, it is specially pointed out that in cases where it is proper or necessary (which means after the occurrence of the *delictum*) a wife may acquire for the purpose of a divorce a separate residence or domicile from that of her husband and that if she remains at the matrimonial domicile after he has left it she thereby elects to make it her domicile, and that she can not have another one by construction at the place where her husband is located. In the work of Mr. Bishop, *supra,* section 119, this particular feature of the wife retaining the matrimonial domicile as hers after abandonment by her husband who locates in a different state, is specifically dealt with and the cases of Hopkins v. Hopkins, 55 N. H. 474; Schonwald v. Schonwald, 2 Jones Eq. (N. C.) 367; Kruse v. Kruse, 25 Mo. 68; Pate v. Pate, 6 Mo. App. 49, and Dutcher v. Dutcher, 39 Wis. 651, are referred to.   In each of them facts exactly similar to those in the instant case were involved.   The husband in each of them left the wife at their matrimonial domicile where she remained and afterwards sued him in his newly acquired domicile, but the courts refused her a divorce upon the ground that she was not a resident of the forum.

A short excerpt from the Hopkins case will serve as an illustration of the rule announced by the author, and by the opinions in the cases referred to.   In that case the court said: ''When the husband abandoned his wife, necessity of separate and independent existence gave her a separate residence and domicile; and when he came into this state leaving her in Massachusettes, her domicile remained there with her, and there it still continues.''   To the same effect are the notes to the case of McGrew v. Mutual Life Insurance Co., 84 Am. S. R. 20, and Locke v. McPherson, 85 Am. S. R. 546, on page 562; note to the case of Carty v. Carty, 38 L. R. A. (N. S.) 297; 9 R. C. L. 400, 401, and 19 Corpus Juris, 31, 36.   In the Ruling Case law, referred to, on page 401, the doctrine applicable to the facts of the instant case is thus stated: ''Where husband and wife have separated and the husband moves to another state and establishes his domicile there, it has

been held that his wife does not also thereby become domiciled in that state so as to enable her as a resident thereof to sue her husband for a divorce. The reason given for this ruling is that the domicile of the husband can not be regarded as fixing that of his wife for the purpose of an original action for divorce by her.'' Some few cases hold that when the husband abandons the wife she may sue him at his newly acquired domicile although retaining the matrimonial domicile as her residence; but they do not follow the logic of the law, by failing to recognize the distinction between the rule in ordinary cases and the exception to that rule as applied in divorce cases, and in some of them there is a confusion in the opinions between jurisdictional matters and questions relating to venue within the jurisdiction.

Counsel for plaintiff argues in his brief that this court has arrayed itself with the latter class of cases which uphold the right to a non-resident wife to sue her resident husband in the county where he lives, under the general doctrine that the residence of the wife follows that of her husband. In other words, he insists, that this court is committed to the rule that a constructive residence of the wife is sufficient to meet the requirements of our statute, that a plaintiff in order to maintain an action for divorce must be ''a continuous resident of this state for a year next before its institution'' (section 2120 statutes), and in support of this contention he cites the cases of Beckett v. Beckett, 17 B. Mon. 370; Hall v. Hall, 102 Ky. 297; Dunlop v. Dunlop, 3 Ky. L. R. 20; Boreing v. Boreing, 114 Ky. 522; Cummings v. Cummings, 133 Ky. 1; Miller v. Miller, 141 Ky. 681, and Peterson v. Peterson, 156 Ky. 202.

An analysis of the opinions in those cases will serve to point out the error of counsel. In the Beckett case, the cause of divorce, if it existed at all, arose outside of Kentucky. The two grounds relied on were, five years living separate and apart, and one year's abandonment of the wife (plaintiff) without her fault. The statute then in existence was the same as it is now (being a portion of section 2120) that the suit would not be entertained, unless the party complaining had an actual residence here at the time of the doing of the act complained of; nor shall a divorce be granted for anything done out of this state, unless it was also a cause for divorce by the law of the country where the act was done. It was held that the living separate and apart for five years (there relied on) occurred at the place of the separation or abandonment,

and that at that time plaintiff was not a resident of this state although before bringing the suit she located in Louisville where she had resided for more than one year. As to the one year's abandonment it was not alleged that it was a ground of divorce at the place where the abandonment occurred. There is nothing in the opinion even remotely supporting contention of counsel, but on the contrary the opposite view was upheld.

In the Hall case, the question decided was that a wife, whose matrimonial domicile was in California, might acquire a residence in this state separate from that of her husband, who remained in California, for the purpose of giving the courts of this state jurisdiction of a divorce suit brought by her for causes occurring in California and which were grounds for a divorce in that state. This case supports the general rule, as announced in the authorities first referred to above, upholding the exception in divorce cases to the general rule that the domicile or residence of the wife follows that of her husband.

In the Boreing case the matrimonial domicile was in Kentucky, where the separation occurred, but afterwards the wife, in order to maintain herself, secured clerical positions and positions as teacher in schools at places outside of this state, but there was nothing in the record to show that her absence from the state was anything more than temporary, or that she had ever abandoned the state of Kentucky as her actual, as well as legal, residence and domicile, *animus manendi*. On the contrary the court in its opinion said: "We do not think that appellant lost her residence in Kentucky by the fact that, in order to maintain herself, she left the state; she was still the wife of appellee, and his residence was her residence, and continued to be so during all of the time that she was absent. The separation commenced in Kentucky, and, if it be necessary, in order to obtain a divorce on the grounds relied upon in this action, that her home should have been in Kentucky during the five years specified, we think that the facts in this case show that appellant had the necessary residence here."

In the Cummings case, the separation occurred in Kenton county, where the parties had resided during their entire married life. After the separation the wife secured a situation at Columbus, Ohio, for the purpose of earning a living, but would frequently return to Covington on visits, and the court said: "Her going to Columbus was simply because she secured employment there

in a chemical laboratory. She is only there for the purpose of making a living, and always speaks of Covington as her home. She has acquired no domicile there, and the suit was brought in the county in Kentucky in which alone she has had her home.''

A similar state of facts is found in the other cases relied on, but in some of the opinions the expression ''the domicile of the husband is in law the fixed residence of the wife'' is loosely used, when, under the facts developed that question did not arise and there was no necessity for the statement.

The Dunlop case is the only one from this court which gives color to the contention of counsel, but in that case the parties from the time of their marriage until their separation resided in the state of Kentucky. The wife returned to her parents in Virginia after their separation and afterwards brought suit for divorce against her husband, who continued to reside in Jefferson county, Kentucky. The suit was dismissed by the trial court because the plaintiff did not have the required residence in this state at the time it was filed. This court reversed the judgment, holding that her departure from the state after the separation and returning to her people in Virginia did not constitute an abandonment of her marital domicile here in Kentucky, and said: ''That fact will not be regarded as a change of residence or domicile so as to give the foreign state or territory jurisdiction to annul the marriage contract.'' So that the opinion ultimately upheld the jurisdiction because plaintiff had not abandoned her marital residence and domicile. If, however, it was meant in that opinion to hold that only constructive residence of the wife, when she was plaintiff, would meet the requirements of the statute, then it is out of line with practically all the other courts upon the subject, including this one, and can not be sustained by either logic or reason. In the first place, such holding is in direct conflict with the express language of the statute requiring one year's residence in this state by plaintiff before the suit will be maintained, which the Hall case, *supra*, and others have construed to mean ''actual'' residence. Furthermore, it ignores the underlying principle of the rule requiring residence of the plaintiff within the jurisdiction of the forum in order to grant the divorce. That rule is, that one state or country will not entertain a suit by one for the purpose of affecting his status when he is a citizen

of another state or country; that no such change of status will be decreed except to citizens of this state. The observance of this principle seems to govern practically all the courts in assuming or denying jurisdiction in divorce cases.

In the Peterson case, *supra*, as in all the others referred to, except the Backett case, the parties resided in this state at the time of the separation and when the grounds of divorce occurred. The opinion cites in support of the conclusion reached by the court the Cummings case, which in turn, as we have seen, was based upon the Boreing case. It is therefore manifest that the court in the Peterson case intended to adopt the principles of the Boreing and Cummings cases and not to depart therefrom, although the facts in that case were not so clear or convincing as to the temporary absence of the wife as they were in the other cases. In none of the cases relied on and considered above (except the Beckett case, where jurisdiction was not assumed) was the wife a non-resident of the state at the time of filing the suit, and also at the time of the separation and the commission of the acts complained of and had ever been, as is true in the instant case.

Supporting our conclusion that the court properly dismissed plaintiff's suit in so far as it sought a divorce because of the absence of jurisdiction, is the case of Hulette v. Hulette, 80 Ky. 364. In that case the opinion says: "She had not been a resident for one year next preceding the institution of the action, and the action for a divorce must necessarily be dismissed."

The second reason above for the court not assuming jurisdiction for the purpose of granting a divorce is equally well taken. The act of abandonment on the part of the husband occurred in Michigan and it has continued in that state from the time he walked away. Under precisely the same facts this court held in the Beckett case, as we have seen, that the cause of divorce (which was the same as here) occurred in the foreign jurisdiction, and plaintiff was neither a resident of this state at the time, nor did she allege that it was a cause of divorce in that jurisdiction, which is also true here. We therefore conclude that the judgment in so far as it denied the divorce prayed for was properly rendered.

The remaining question is, whether the Pike circuit court had jurisdiction of the action for the purpose of ad-

judging alimony in favor of plaintiff? That a suit for that purpose may be maintained without being combined with one for a divorce, and before the granting of a divorce, there can be no question. 1 R. C. L., pages 876, 881, 887 and 21 Cyc. 1598, 1603. Section 420 of our Civil Code would seem to recognize the right to maintain separate actions for divorce and for alimony, since it says: "An action for alimony *or* divorce shall be in equity;" while section 422 and 423 deal exclusively with suits for a divorce, and section 424 refers to two distinct causes of action, one for divorce and other for alimony. Independent, however, of the Code provisions this court in the cases of Butler v. Butler, 4 Litt. 201; Lockridge v. Lockridge, 3 Dana 28; Hulette v. Hulette, *supra;* Shepherd v. Shepherd, 174 Ky. 615, and Williamson v. Williamson, 183 Ky. 435, not only upheld the right of the wife to maintain an independent suit for alimony without asking for a divorce, but furthermore held that such suits are transitory ones, and that it was not necessary for their maintenance that the jurisdictional facts requisite to the maintenance of a divorce suit should exist. The only facts necessary to be shown, in purely an alimony suit, where neither a divorce *a vinculo* nor one *a mensa et thoro* is asked, are that the parties are husband and wife and that he without her fault refuses to maintain her. Indeed the suit is for the purpose of affording a remedy to the wife to require her husband to discharge his legal obligation to furnish her maintenance and support. The result of the suit would not in the least affect the status of either party and, therefore, no question of residence is involved. To hold otherwise would render it possible for derelict husbands to abandon their wives and locate themselves and their property in another state or country, thereby converting the latter into an asylum where they would be immune from supporting their wives until they could establish a residence there, and then, perhaps, to flee that state before the expiration of the time necessary therefor and thereby defeat entirely the fulfillment of their lawfully assumed marital obligations. The same process could be repeated in each state to which the husband might go, and thus the wife would be deprived entirely of her just dues. To prevent any such consequences the right to maintain the action as a transitory one is quite generally, if not everywhere, upheld.

The court should have retained the case on the docket for settling the right of the wife to temporary alimony, and it erred in dismissing the petition absolutely.

Wherefore the judgment is reversed with directions to set aside the order of dismissal and for proceedings consistent with this opinion.