## Darlington v. Darlington.

(Decided June 3, 1930.)

J. S. LUSCHER for appellant.

ROBERT DARLINGTON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On July 31, 1923, Lydia Darlington filed her suit in the Jefferson circuit court against her husband, Robert Darlington, alleging that they were married in Jefferson county, Ky., in 1912, and seeking a divorce from him on the ground that they had lived separate and apart without any cohabitation for more than five years. She alleged that she resided in the state, and had so continuously resided, for more than one year next before the institution, of her action. The deposition of Mrs. Margaret Irwin was taken on interrogatories, and, touching the residence of appellant, she stated:

"The plaintiff, my mother, resides or rather claims her residence at Louisville, Kentucky, but is now temporarily staying in Washington, D. C. with my brother who has a position in the Government Service; my mother was born and raised in Kentucky and always lived here until the time she went to Washington to be with my brother."

On cross-examination she stated, in answer to an interrogatory propounded by the county attorney as to the residence of her mother, as follows:

Jefferson County Kentucky was where the plaintiff and defendant resided at the beginning of the action. All her life she resided in Kentucky but has been staying in Washington, D. C."

In answer to another interrogatory propounded by the county attorney as to how she knew the facts of the case, she said:

"By personal knowledge; they were born and raised here, and the plaintiff would be here now if it wasn't for my brother living in Washington."

On the 15th day of February, 1924, Chancellor Edwards, before whom the action was pending, handed down this memoranda opinion:

"Remand. It seems to me more definite information should be given as to residence in Ky. Let the proof show how and under what conditions she is staying away; also how long and where she lives here and what fixes her residence here. The court should have all the facts. Then residence or no residence can be passed on."

On the 15th day of July, 1928, a new summons was issued in the action and executed on appellee. The deposition of Lester Tinsley was then taken on interrogatories. The attorney for appellee did not ask him any question about the residence of appellant, but the county attorney propounded an interrogatory as to her residence, and that interrogatory does not appear to have been answered. The case was again submitted for judgment, and Chancellor Allen on December 8, 1928, made this memoranda:

"Deft's. residence in Ky. is not enough to give jurisdiction to grant a divorce to plaintiff, when she actually resides in another State. George v. George, 190 Ky. 709, 228 S. W. 408, 39 A. L. R. 700. Remand."

Appellant declined to proceed further, whereupon her petition was dismissed September 5, 1929, and she was granted an appeal to this court.

In his brief filed in behalf of appellant counsel challenges the interpretation placed on the opinion in the George case, and attempts to differentiate the facts therein stated from the facts in the instant case. The gist of that opinion is to the effect that the general rule that the residence, or domicile, of the wife is that of her husband, does not prevail in divorce proceedings where the wife may establish for herself a residence, or domicile, which will govern her right to proceed against her husband to procure a cancellation of the bonds of matrimony, and, if she retains the matrimonial domicile after her husband has abandoned her, she will be deemed to have elected to make it her separate residence and domicile. It was also held in that opinion that residence within the meaning of the statute is "actual residence," animus manendi, but, where the marital domicile was in this state, and the parties were residents of this state at the time the cause of action occurred, a temporary absence from the state, with no intention to abandon it as a residence, will not destroy the "actual residence" in this state.

Counsel for appellant insists that this record is sufficient to bring her case within the rule announced in Boreing v. Boreing, 114 Ky. 522, 71 S. W. 431, 24 Ky. Law Rep. 1288; Cummings v. Cummings, 133 Ky. 1, 117 S. W. 289; Peterson v. Peterson, 156 Ky. 202, 160 S. W. 952, and a number of cases to the same general effect. In these cases the separation took place in Kentucky, and the wife, for one reason or another, had temporarily left Kentucky, and the court held that the facts were such as to indicate that she had not abandoned her actual residence in this state. It may be that appellant could have brought her case within the rule announced in these cases, but we agree with the chancellor that she did not do so. It is true that the witness testified that she claimed her residence in Jefferson county, and that she was temporarily staying with her son in Washington. But no facts were given to indicate that the conclusions of the witness were correct. The chancellor remanded the case for further proof on that point, and, after a lapse of four years, additional proof was taken without any attempt to establish that the actual residence of the wife was in Kentucky and that she was only temporarily absent. We conclude that the chancellor adjudged rightly when he held that the principles in the George case were controlling.

Judgment affirmed.