**RUSSELL v. HILL, Judge.**

Court of Appeals of Kentucky.
March 27, 1953.

Joe Hobson, Prestonsburg, Hobson & Meigs, Frankfort, for petitioner.

Howard & Francis, Prestonsburg, for respondent.

DUNCAN, Justice.

This original action seeks a Writ of Prohibition against the judge of the Floyd Circuit Court prohibiting the respondent from proceeding in a divorce action now pending in that court in which petitioner is the defendant.

The petition here alleges that the court below is without jurisdiction to entertain the divorce action since the plaintiff there is not a resident of this State. The question presented is one of fact which we are required to determine from the depositions which were taken in the divorce action and are filed as a part of the record here.

Anthony Russell enlisted in the United States Navy on March 1, 1938, and through subsequent re-enlistments has continuously remained in the naval service since that date. Prior to his enlistment, he resided in Wheelwright, Floyd County, Kentucky, with his father and sisters. In November, 1937, he went to Cincinnati, Ohio, where he remained with an aunt until the time of his enlistment. Since entering the navy, he has had no permanent station or post of duty and his travels have extended over most of the world.

In September, 1942, he married the petitioner in Brooklyn, New York, and until the marital difficulties which culminated in the divorce action, most of his periods of leave were spent with his wife at the home of her parents in Brooklyn. Most of the voluminous record consists of many letters written to petitioner during his frequent absences, which are replete with protestations of love for his wife and affection for her family. Some few of the letters contain statements indicating that he considered his home as being the residence of his wife's parents.

In 1946, Anthony executed and filed an application for a bonus provided by the State of Ohio for residents of that State who were veterans of World War II, in which he claimed that his residence was Cincinnati, Ohio. He states that the application was filed upon advice of counsel and because he thought that he was entitled to the bonus inasmuch as Cincinnati was the place of his enlistment.

As against the implication which might arise from the letters and the application for the Ohio State bonus, we have the positive statement of the husband that he considers Wheelwright, Kentucky, as his residence. The last private employment which he held was as an employee of the Inland Steel Corporation at Wheelwright, and that post office was listed as his permanent address at the time of his enlistment.

■■ The jurisdictional prerequisite of one year's residence in order to maintain an action for divorce in this State has been held to include not only citizenship or domicil, but also actual residence. George v. George, 190 Ky. 706, 228 S.W. 408, 39 A.L. R. 700; Tipton v. Tipton, 87 Ky. 243, 8 S.W. 440. The two terms are not synonymous. Although used interchangeably, they have a separate and distinct meaning. "Domicil" has a broader meaning than "residence." It includes residence but actual residence is not essential to retain domicil after it is once acquired. Residence is preserved by an act; domicil by an act coupled with an intent. While one may have only a single domicil, he may have several residences. Having acquired a legal residence and domicil as contemplated by the statute, it can only be lost or changed by the exercise of a conscious volition. St. John v. St. John, 291 Ky. 363, 163 S.W.2d 820.

■ There can be no doubt that the plaintiff in the divorce action had acquired a legal residence and domicil in Floyd County, Kentucky. The only question here is whether or not the loose and rather flowery expressions in his letters to his wife, coupled with the application for the Ohio bonus, are sufficient to constitute a change of residence and domicil as a matter of law. Although they may be considered as circumstances indicating such an intention, we do not think the letters and bonus application are conclusive on that question. In Weintraub v. Murphy, Ky., 244 S.W.2d 454, the fact that the husband had filed an action for divorce in the State of New Jersey, alleging a residence in that State, was held not conclusive on the question of an intention to change his residence from Campbell County, Kentucky.

■ Under all the facts introduced in the divorce action, we have concluded that there was substantial evidence from which the lower court could determine that Anthony Russell was a legal resident of Floyd County, Kentucky. Having so determined, the lower court is proceeding within its jurisdiction.

The application for permanent Writ of Prohibition is hereby denied and the temporary writ heretofore issued is discharged.

COMBS, J., not sitting.