No. 17,507.

## MOORE ET AL. *v.* MORRIS.

ABATEMENT OF ACTION.—*Plea, Insufficiency Of.*—*Nonresidence of Defendants.*—A plea in abatement based on the nonresidence of the defendant within the county in which the action is brought is insufficient, where it merely avers that the defendants are residents of another county, without specifically negativing their residence in the former county when the action was commenced.

ASSIGNMENT OF ERRORS.—*Collective Assignment.*—*When Unavailable.*—*Demurrer.*—A joint assignment of error in sustaining a demurrer to different paragraphs of an answer does not present a question as to the sufficiency of either paragraph, but of both, and. if the ruling as to one is correct the assignment fails.

DEMURRER.—*Sustaining to Paragraph of Answer.*—*Same Defense Admissible Under Another Paragraph.*—A demurrer to a paragraph of an answer setting up the statute of limitations to a single paragraph of the complaint is properly sustained where another sufficient paragraph sets up the same statute in answer to the whole complaint, and particularly to the paragraph in question— especially where a demurrer to the only other paragraph of the complaint has been sustained.

From the Hamilton Circuit Court.

*S. E. Urmston* and *H. Warrum,* for appellants.

*Fertig & Alexander* and *Harding & Hovey,* for appellee.

HOWARD, C. J.—The original paragraph of the complaint in this case alleged facts going to show fraud on the part of appellants and their agents in the procurement from appellee of deeds for certain lands in Hamilton county, during a time, as alleged, when appellee was of unsound mind and incapable of transacting business; praying that the deeds be set aside, and for possession and damages.

A second paragraph of complaint was afterwards filed, not alleging unsoundness of mind, but setting up

the fraud in a more particular manner; asking for damages and to have a vendor's lien on the land declared in appellee's favor.

Other pleadings were filed, and there was a finding by the court and judgment for damages in favor of appellee. A vendor's lien was also awarded for any balance of the judgment left after execution against the personal estate of the appellant Robert E. Moore.

The first assigned error discussed by counsel is that the court erred in sustaining the appellee's demurrer to the appellants' plea in abatement to the second paragraph of the complaint.

In *Needham* v. *Wright*, 140 Ind. 190, it was said, citing numerous authorities, that in pleas in abatement and other dilatory pleas the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, are required. The pleader must not only answer fully what is necessary to be answered, but must also anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat his plea.

Tried by this rule, the plea in abatement filed by appellants was insufficient for many reasons. It will be enough to indicate one of them. The plea was based chiefly on the claim that the appellants were residents of Marion county, and could not, therefore, be sued on a merely personal action in Hamilton county. We do not think the action as stated in the second paragraph of the complaint was merely personal; but, even if it were, the averment that "the said defendants are residents of Marion county, Indiana, and are not residents of Hamilton county," would not be sufficient. For all that appears from this or any other averment in the plea, the appellants might have been residents of Hamilton county at the time the action was begun. If

they had been residents of Hamilton county when process was issued and served, they could not defeat such service by moving to Marion county before the filing of the plea in abatement.

The only other assigned error discussed by counsel is that the court erred in sustaining the appellee's demurrer to the third and fifth paragraphs of the appellants' answer.

This assignment, being joint as to the two paragraphs named, does not present the question as to the sufficiency of either, but of both. If, therefore, the ruling as to one of the paragraphs was correct, the assignment must fail. *Ketcham* v. *Barbour, Exr.,* 102 Ind. 576; *Noe* v. *Roll,* 134 Ind. 115.

The fifth paragraph of answer was a plea of the six-years' statute of limitations as against the fraud alleged in the second paragraph of the complaint. The second paragraph of the answer, to which a demurrer was overruled, was also a plea of the six-years' statute of limitations, in answer to the whole complaint, and particularly to the second paragraph thereof. In addition, at the time of filing the answer, a demurrer had been sustained to the first paragraph of the complaint, thus leaving the second paragraph as the whole complaint. As, therefore, all facts which could be proved under the fifth paragraph of the answer could also be proved under the second, the court did not err in sustaining the demurrer to the fifth; even if there were any error in sustaining the demurrer to the third paragraph, which we do not think.

No question is raised as to the correctness of the judgment on the merits of the case.

The judgment is affirmed.

Filed October 29, 1895.