184 So. 896

DAVIS v. JONES et al.

6 Div. 264.

Supreme Court of Alabama.

Dec. 8, 1938.

Thos. W. Millican, of Cullman, and John Ike Griffith and Jim Gibson, both of Birmingham, for appellant.

W. Marvin Scott, of Cullman, for cross-appellant.

St. John & St. John, of Cullman, for appellees.

THOMAS, Justice.

The trial court overruled demurrer to plea of defendants, a foreign corporation and an individual.

It is well established that the venue of a tort action against a foreign corporation is in the county where it is doing business when suit is begun, and not in the county where the tort was committed. Section 232, Constitution.

The Court held in May, Sheriff et al. v. Strickland, 235 Ala. 482, 180 So. 93, that whatever may be the defects of the plea, as tested by demurrer, it was not subject to be stricken on motion. The

sufficiency of the plea should have been tested by demurrer.

■ The question of service, as to a foreign corporation, was again considered generally in the case of Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, and the well recognized principles, supported by authorities, are therein announced. It was declared, (1) that a foreign corporation is suable within the state only if it is doing business therein; (2) that to sustain an action against a nonresident corporation, the court must have jurisdiction of the subject-matter and of the person acquired by service of process duly authorized by state statutes within the requirements of due process; (3) that, as regards suability, the corporation's acts must be in the exercise of corporate functions, not merely within corporate powers; and (4) that the corporation must be doing business in the state when the process was served by the sheriff, not only when it was delivered to the sheriff. St. Mary's Oil & Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834.

Such are the requirements as to perfection of service within the constitution and statutes as affecting a nonresident corporation.

■ How is a plea of such corporation to the jurisdiction, set up in a court of general jurisdiction, to be tested? It is established, as to a court of general jurisdiction, (1) that a plea to the jurisdiction is the first one to be filed, before a general appearance, or there is a tacit admission that the court has the right to judge; (2) that it is recognized on high authority that there is a difference in a plea to the jurisdiction in a court of limited, and one of general jurisdiction: "in a court of the former class, it is sufficient to plead negatively—i. e. to show, by proper allegations, that the court has not jurisdiction: whereas in a superior court it is necessary, both at law, and in equity, and as well in criminal as in civil cases, not only to show that the court has not jurisdiction; but also to point out, specially, some other court which has it." Will's Gould on Pleading, 6th Ed., pp. 411–419.

That is to say, such a plea should state the facts, as that a better writ is presented, and an opportunity for amendment, if the plea is insufficient.

It is declared in Atlantic Coast Line R. Co. v. Ballard, 202 Ala. 354, 80 So. 436, that [page 437]:

"Every reasonable intendment, not contradicted by the face of the pleadings, will be made in favor of the jurisdiction of the circuit court. Hence a plea in abatement to the jurisdiction must allege facts which exclude every condition under which jurisdiction may be lawfully exercised by that court. Willard v. Zehr, 215 Ill. 148, 155, 74 N.E. 107; Moore v. Morris, 142 Ind. 354, 355, 41 N.E. 796; Cavin v. Hill, 83 Tex. 73, 18 S.W. 323. The authorities seem to go even further than this, and to require also that the true jurisdiction be affirmatively laid in the proper court. Fields v. Walker, 23 Ala. 155, 163; S.-S. S. & I. Co. v. Milbra, 173 Ala. 658, 55 So. 890; Guarantee Co. v. National Bank, 95 Va. 480, 486, 28 S.E. 909; Nevills v. Shortridge, 146 Cal. 277, 79 P. 972.

"Here the complaint shows only that the injury occurred in Tampa, Fla., and that defendant is a corporation.

"The pleas in abatement show, in addition, that plaintiff was and is a resident of Autauga county, Ala., and not of Montgomery county where his suit is brought."

■ The instant plea, tested by this authority, was a compliance in an action for tort of a proper plea for a nonresident corporation.

■ The plea exhibits the official bond as a part thereof and is aided thereby. Grimsley v. First Ave. Coal & Lumber Company, 217 Ala. 159, 115 So. 90.

■ The plea will be set out by the reporter, and it shows that it was not subject to any of the grounds of demurrer directed thereto.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.