196 So. 893
### CHRISTIAN v. CHRISTIAN.
6 Div. 650.

Supreme Court of Alabama.

May 16, 1940.

Rehearing Denied June 27, 1940.

Morel Montgomery, of Birmingham, for appellant.

Hugh A. Locke, of Birmingham, for appellee.

THOMAS, Justice.

This case is appealed from the Tenth Judicial Circuit in Equity, where the complainant in her original bill sued her husband for separate maintenance or alimony, and divorce from bed and board, and also prayed for attorney's fees for counsel for representing her in the cause. She alleged that respondent had committed actual violence upon her person and that there was reasonable apprehension of actual violence attended with danger to her life and health, specifically, that on December 24, 1938, the respondent slapped complainant.

The bill was filed, motion presented to the court that a reference be ordered and that the register determine whether or not complainant was entitled to alimony pendente lite.

Objection to the motion was filed by the respondent with the court. Without acting upon the objection, or ruling upon the question of objection or upon complainant's motion to strike the objections, which were all filed within the time required by law, the court granted the motion for reference to complainant.

An amendment to the original bill of complaint was filed on March 15, 1939, before a hearing of the reference. The amendment prayed for amendment to the third paragraph of the prayer of the bill theretofore filed on March 15, 1939, praying "that complainant be granted an absolute divorce from respondent, with the right to remarry." Answer was made by respondent, denying all allegations in said bill of complaint, according to the rules of the court and good pleading. On March 26, 1939, reference was had before the register of said court and testimony of witnesses was taken orally.

The report of the register was read to the court and filed within the time allowed by law, exceptions were taken and filed by respondent to the report of the register.

The court by its decree overruled the objections and exceptions to the Register's report and all findings of the register were ratified and approved.

. The cause came on to be heard orally before the court and after all the evidence had been so introduced the bill of complaint, as amended, was further amended by complainant, charging "adultery" and by striking from the bill as amended that amendment praying for "absolute divorce", praying now by amendment to the amended bill of complaint or seeking to "reinstate" the prayer of the original bill and praying merely for separate maintenance or alimony and attorney fees.

The bill as last amended was answered and the attempted revision of the prayer of the original bill was objected to by respondent and dismissal was prayed. The cause was then on January 16, 1940, taken under advisement, and on January 26, 1940, a final "decree of separate maintenance" was rendered. The appeal was taken and supersedeas bond filed within the time allowed by law.

This cause is before this court, appellant urging that the decree and order of the lower court be reversed and a decree rendered setting aside the decree of the lower court and dismissing the bill at complainant's cost.

The first three assignments of error challenge the action of the court in permitting the cause to proceed to the register's report under the several pleadings we have indicated. In this there was no error.

We find no error in the action of the court in allowing the amendments and in the submitting of the same to the register for a reference. The reference was had and allowed under the Act approved February 24, 1939 [General Acts of 1939, p. 52], which is as follows:

"Section One: That Section 7417 of the Code of Alabama of 1923 be amended so as to read as follows: 'Section 7417;—Allowance To Wife Pending Suit: Pending suit for divorce, the court may make an allowance for the support of the

694

wife, out of the estate of the husband, suitable to his estate, and the condition in life of the parties for a period of time not longer than necessary for the prosecution of her bill for divorce.'

"Section Two: That this Act shall become effective upon its passage and approval by the Governor."

We have examined the evidence taken ore tenus before the trial court rendering the decree [Hodge v. Joy, 207 Ala. 198, 92 So. 171], and find the decree of the trial court ordering that the complainant may live apart from her husband, for the allowance of separate maintenance and for attorney's fees was justified by such evidence. Code, § 7418; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

On application for rehearing the opinion has been modified.

Application for rehearing overruled.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.