18 So.2d 713

### Ex parte HALE.
### 6 Div. 254.

Supreme Court of Alabama.
June 29, 1944.

43

Harsh & Hare, of Birmingham, for respondent.

Hugh A. Locke and Wade H. Morton, both of Birmingham, and Howard Sullinger, Jr., of Bessemer, for petitioner.

44

THOMAS, Justice.

The petition was for mandamus directed to the Circuit Court for dismissing a plea to the jurisdiction of the court.

The reporter will set out the salient parts of the bill, its prayer, and as aided by its exhibits, agreement of the parties touching properties in Pennsylvania agreed to be sold, and distribution of the net proceeds between the parties who are husband and wife, and after making certain contractual provision for the wife and her minor son, for the payment of costs incurred in a proceeding in equity, which it is agreed was to be discontinued at the time of the execution of the agreement.

This court has recognized a property settlement anterior to divorce. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Coleman v. Coleman, 198 Ala. 225, 73 So. 473.

The plea of the defendant in original bill filed in equity in Jefferson County, Alabama, will be set out in statement of facts. The plea was set down for hearing on its sufficiency; the complainant moved to strike the plea on many grounds assigned. After a due hearing the court made the following order:

"It is Ordered, Adjudged and Decreed as follows, viz:

"(1) That said motion to strike said plea to the jurisdiction be and the same hereby is granted and said plea to the jurisdiction is hereby stricken.

"(2) Respondent is allowed ten days from this date to file answers, plea or demurrer to said bill of complaint.

"(3) Respondent is hereby allowed an exception to the court's order in granting said motion to strike."

It is urged that the court erred in striking that plea; that complainant's motion to strike respondent's plea in abatement has the effect of a demurrer to the plea and admits the facts set up. Petitioner further urged that the said court was without jurisdiction over the subject matter of said cause of action, and of petitioner, and that any further decree or order of said court in such proceedings would be void. Petitioner says that the order is interlocutory, and not subject to appeal; that he has no adequate remedy to have this matter heard in this court before a trial on its merits except by this his petition for mandamus to prevent irreparable injury. And on application to this court the rule nisi issued and is now for determination.

The petitioner's view of the bill for separate maintenance is stated as follows: The bill of complaint seeks a divorce from the bed and board of petitioner and incidental relief as prayed. In the prayer of the bill the pleader employs the phrase "legal separation", instead of the phrase divorce from bed and board, apparently in an attempt to avoid the effect of the divorce laws of Alabama, but as stated by this court in the case of McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318, 319, divorce from bed and board is only a "legal separation".

In that case it will be noted the bill was for divorce and alimony, and that Mr. Justice Sayre said:

"By her application to the court (section 7423 of the Code) setting forth the fact that she desired only a divorce from bed and board, appellee avoided the effect of section 7431, which is that a wife divorced a vinculo cannot under any circumstances claim dower at the death of her husband or distributive share in his personal estate. * * * By the same token she also reserved to herself whatever benefit may hereafter accrue to her under the laws of Florida to which state appellant has removed his residence—more liberal to the widow than the law of this state—in the event her husband shall die first. A decree of divorce from bed and board does not remove the vinculum of marriage. * * * Such a divorce is only a legal separation.

"* * * appellee, after oscillating between the reliefs possible on the averments of her bill, as amendments of her bill show, elected in the end to pray for a decree from bed and board only, and the purpose of the decree is to provide suitable maintenance for the wife in the meantime, not unnecessarily to penalize the husband. Murray v. Murray, 84 Ala. 363, 4 So. 239. The case just referred to was a case in which the complainant sought alimony without divorce; but it does not materially differ from the present case in which complainant has sought and accepted relief by legal separation, with alimony, but without divorce."

The holding was where divorce from bed and board was granted, the decree awarding alimony in monthly installments was proper though the husband had removed to Florida. Such decree being within the full faith and credit clause of the Federal Constitution, 57 A.L.R. 1113 notes. State v. Black, 239 Ala. 644, 196 So. 713. This case of McWilliams, supra, is cited with approval in Christian v. Christian, 239 Ala. 692, 196 So. 893, where separate maintenance and attorneys' fees was upheld. As we understand the cases of McWilliams, supra, and Murray v. Murray, 84 Ala. 363, 4 So. 239, they do not militate against the relief sought in this case.

The decision in George v. George, 190 Ky. 706, 228 S.W. 408, 39 A.L.R. 700, 705, presents the correct view of the right of the wife to maintain an independent suit for alimony without asking for divorce.

Such a suit is held to be transitory, and was "not necessary for their maintenance that the jurisdictional facts requisite to the maintenance of a divorce suit should exist. The only facts necessary to be shown, in purely an alimony suit, where neither a divorce a vinculo nor one a mensa et thoro is asked, are that the parties are husband and wife, and that he, without her fault, refuses to maintain her. Indeed, the suit is for the purpose of affording a remedy to the wife to require her husband to discharge his legal obligation to furnish her maintenance and support. The result of the suit would not in the least affect the status of either party, and therefore no question of residence is involved. To hold otherwise would render it possible for derelict husbands to abandon their wives and locate themselves and their property in another state or country, thereby converting the latter into an asylum where they would be immune from supporting their wives until they could establish a residence there, and then, perhaps to flee that state before the expiration of the time necessary therefor, and thereby defeat entirely the fulfilment of their lawfully assumed marital obligations. The same process could be repeated in each state to which the husband might go, and thus the wife would be deprived entirely of her just dues. To prevent any such consequences, the right to maintain the action as a transitory one is quite generally, if not everywhere, upheld." See the analogy contained or the question of minor children of the litigating parents in different states. State v. Black, 239 Ala. 644, 196 So. 713.

That we have no decisions to the contrary, the note of Editor in 141 A.L.R. 403, is to the effect:

"The jurisdiction of the chancery courts to grant in a proper case separate maintenance or alimony without divorce (where no divorce was asked, or where, divorce being asked, the proof did not justify it, but did justify a separate maintenance) was also sustained or recognized without much elaboration in the following cases in which the question was expressly raised."

He cites the decisions in this jurisdiction from Kinsey v. Kinsey, 37 Ala. 393, to Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97. We have examined these decisions and find nothing that conflicts with the view stated in the Kentucky decision, supra.

The decision in Harrison v. Harrison, 20 Ala. 629, 56 Am.Dec. 227, and Ex parte Allan (Canada), 220 Ala. 482, 125 So. 612; Wells v. Wells (Mexico), 230 Ala. 430, 161 So. 794,—that of separate maintenance touched the question for decision.

What then of the pleading before us and the action of the trial court thereon? If the court had jurisdiction in any aspect of the bill the plea was insufficient. It is established in this jurisdiction that a pleading addressed to a bill in chancery as a whole and not to its several aspects must be good as to all aspects. Francis v. White, 160 Ala. 523, 49 So. 334, and authorities cited; Id., 166 Ala. 409, 52 So. 349; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; United States v. Linn, 1 How. 104, 11 L.Ed. 64. In such pleading to the jurisdiction the highest degree of precision and certainty is required. Crawford v. Slade, 9 Ala. 887, 44 Am.Dec. 463; Davis v. Jones, 236 Ala. 684, 184 So. 896.

A bill in chancery seeking in one aspect maintenance and support for a wife, and in one aspect the custody of, and in another aspect maintenance and support for, a minor child should be brought where the husband actually resides or where he is subject to personal service of process. Such proceedings were authorized in equity, independent of statute, and seek to enforce rather than destroy marital relations and obligations. 27 Am.Jur. 25, 26 (Par. 419), 17 Am.Jur. 420 (Par. 515); George v. George, 190 Ky. 706, 228 S.W. 408, 39 A.L.R. 700. Such are well-considered authorities.

In this jurisdiction are: Harrison v. Harrison, 20 Ala. 629, 56 Am.Dec. 227; and in Wohlert v. Wohlert, 217 Ala. 96, 114 So. 906, 907, Mr. Justice Gardner said:

"It is well established by the decisions of this court that courts of equity exercise original jurisdiction to award alimony independently of a bill for divorce, and that for the support of bills of this character it is not essential that facts appear sufficient to warrant a divorce."

In 141 A.L.R. 403, the many cases collected from this court are to like effect. See Murray v. Murray, 238 Ala. 158, 189 So. 877; Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97, sustaining the right to make an allowance for wife for her separate maintenance without divorce.

The courts generally agree that an action for maintenance and support growing out of a contract of marriage is transitory, and may be brought wherever jurisdiction of the person may be obtained. 27 Am.Jur. 25, (Par. 419); 21 C.J.S., Courts, p. 48, § 41, also § 76. Analogy is to be noted of transitory actions in DeKalb County v. McClain, 201 Ala. 565, 78 So. 961; St. Mary's, etc., Co. v. Jackson, etc., Co., 224 Ala. 152, 138 So. 834; Davis v. Jones, 236 Ala. 684, 184 So. 896; State v. Black, 239 Ala. 644, 649, 196 So. 713; Smith v. Gibson, 83 Ala. 284, 3 So. 321.

By express statute Alabama courts are given jurisdiction of controversies either in contract or tort, between non-residents, even where the cause of action arose in another state. Ala. Code 1940, Title 7, § 97; Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A.L.R. 618; Dollahite-Levy Co. v. Overton, 223 Ala. 12, 133 So. 903.

As early as 1849 in the case of Glover v. Glover, 16 Ala. 440, this court held that equity courts had original jurisdiction over the subject of alimony. In that case the husband was a non-resident of the state and an effort was made to proceed in the State of Alabama on publication or constructive notice, rather than by personal service for the collection of sums for separate maintenance of the wife in the state where the abandonment occurred (in Virginia), and had property in Alabama and resided in Tennessee. It was held that since the cause of action arose in another state without personal service (which was had in the case at bar) the court could not take jurisdiction of the question of alimony. In Murray v. Murray, 84 Ala. 363, 4 So. 239, this court, speaking through Mr. Chief Justice Stone, affirmed the doctrine of Glover v. Glover, supra, and held that alimony was a matter of independent equity and left no question as to the nature of the obligation and liability of the husband in that case, as in this. His words are:

"The present bill is by the wife against the husband, and prays for alimony, but does not seek a divorce. Many, probably a majority of the adjudged cases and elementary books, hold that the relief here prayed cannot be granted, except as an incident to divorce proceedings instituted. This court, obeying an instinct of humanity, and following the lead of several adjudged cases, declared a different doctrine nearly 40 years ago, and has steadfastly main-

tained it. Glover v. Glover, 16 Ala. 440; Hinds v. Hinds, 80 Ala. 225. * * *

"The duty of the husband to provide maintenance for his wife is much more binding than mere contractual obligation. And it is not only a duty to her, but he owes it to the public, lest she become a charge upon it. * * *

"We have said this duty and obligation are not merely contractual. Their disregard and breach partake largely of the nature of a tort. The chancery court may and does enforce their observance by attachment of the person of the husband, and this is not imprisonment for debt, within the prohibition of our constitution."

In Hinds v. Hinds, 80 Ala. 225, it was said:

"Courts of equity have jurisdiction to grant alimony to a married woman, in the nature of maintenance, not merely as incidental to a bill for divorce, but on the original and independent ground that legal remedies are inadequate to enforce the duty of maintenance on the part of the husband."

■ An action for maintenance and support growing out of a contract of marriage is transitory, and may be brought wherever jurisdiction of the person can be obtained. A discussion of the doctrine is found in Vol. 27 Am.Jur. 25 (Par. 419). The procedure in a case of a wife's suit for separate alimony follow general equity proceedings and are not dependent upon the statute relating to divorce suits, and the requirements of residence for a period on the part of the woman seeking divorce usually do not apply to an action for maintenance.

In Harrison v. Harrison, 20 Ala. 629, 56 Am.Dec. 227, this court committed itself to the doctrine that residence was not necessary in a suit for separate maintenance, though it came up indirectly and with reference to another state. Mrs. Harrison sued her husband in the state of South Carolina for separate maintenance after they had both established residence in Alabama. Her husband filed a personal appearance in South Carolina, and raised no question of jurisdiction of the court of chancery of that state to a decree for alimony under the facts alleged; and a decree in favor of the complainant resulted. Thereafter the husband procured a final decree of divorce in the county of his residence in Alabama, where an effort was made to collect the amount due the wife under the South Carolina decree out of the estate of the deceased husband in Alabama. Counsel for the husband (Lapsley and Hunter) contended that the South Carolina decree was "wholly void for want of jurisdiction over the subject matter". Thus notwithstanding the fact that Harrison's answer in South Carolina was without objection to jurisdiction, it was recognized that jurisdiction of the South Carolina court was a question of primary importance. The final conclusion of the court was: (Mr. Justice Chilton writing)

"The transfer of their domicil to this State does not destroy the wife's right to proceed in South Carolina, for a ground of complaint complete in that State before their removal, provided the parties can be subjected to that jurisdiction by being personally served with the process of the court.

"In Dorsey v. Dorsey, * * * cited by Mr. Justice Story in his Conflict of Laws, § 230a, Mr. C. J. Gibson, after stating that the transfer of allegiance and domicil is a contingency which enters into the views of the parties when they contract marriage, and of which the wife consents to bear the risk, proceeds to say, that 'by sanctioning this transfer beforehand, we consent to part with the municipal governance incident to it; but with this limitation we part not with the remedy of past transgression.'

"It follows, therefore, that unless there was a want of jurisdiction as to the person of the defendant, the South Carolina decree is valid, since it does not annul or attempt to impair the relation of marriage, but only affords a remedy for the violation of obligations, and seeks to enforce duties growing out of that relation."

In Ex parte Allan, 220 Ala. 482, 125 So. 612, 614, Mr. Justice Sayre said for this court:

"We therefore hold that the husband in this case, residing in this state, may not be heard to object that the wife has come into this state from Canada, which was the matrimonial domicile of the parties to the original bill sought to be now reviewed, and has here, in the state of his residence, propounded her claim for separate maintenance in a court where, by personal decree, that claim may be made effectual. It is true, of course, that one purpose of the court in dealing with questions of the sort here involved is to care for the interest

48

of the public, lest the deserted wife become a charge upon it, but another purpose is to right the wrongs of an injured wife, and the latter purpose will be served even though the former be not involved. Harrison v. Harrison, 19 Ala. 499." See, also, Harrison v. Harrison, 20 Ala. 629, 56 Am.Dec. 227, holding the decree in South Carolina valid.

The decision in Harrison v. Harrison, supra, was cited with approval by Mr. Justice Walker in Pearson v. Darrington, 32 Ala. 227, 254, saying: "The allowance of the wife's expenses in a divorce suit is analogous to the allowance of alimony pendente lite, and temporary alimony, as contradistinguished from that permanent alimony, which is the result of a divorce a vinculo matrimonii. It has been decided, that the wife may recover, after the termination of the marriage, arrearages of alimony due by virtue of a decree rendered pending the marriage." Harrison v. Harrison, 20 Ala. 629, 56 Am.Dec. 227; 39 A.L.R. 722. See, also, analogy in Continental Auto Ins. Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883.

We are of the opinion that the well-considered decisions indicated above, and the provisions of the statute for the enforcement in this State of causes of action arising in another State, when jurisdiction of the defendant can be obtained in this State under the Constitutions, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Code of 1940, Title 7, § 97, are conclusive of the issues before the court.

 It is therefore clear enough the plea was wholly insufficient to so much of the bill which seeks separate maintenance and support, as well as control of the child. Though the motion to strike the plea was an inappropriate method of testing its sufficiency, nevertheless, the ruling thereon was without injury, since the plea was insufficient as here stated and is of consequence not to be disturbed by mandamus or other proceeding.

It follows therefore, that the rulings of the trial court are free from error, and that the petition for mandamus should be and the same is hereby denied.

Mandamus denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.