**Charles David BROADDUS, Appellant,**

v.

**Patricia Wardrup BROADDUS, Appellee.**

Court of Appeals of Kentucky.

June 3, 1955.

Shumate & Shumate, H. M. Shumate, Irvine, for appellant.

Appellee not represented by counsel.

CAMMACK, Judge.

The appellant, Charles D. Broaddus, filed a complaint against his wife, Patricia Wardrup Broaddus, for an absolute divorce, alleging cruel and inhuman treatment. The complaint was dismissed by the lower court on the ground that the record did not establish that the appellant had been a "continuous actual resident" of Kentucky for a period of one year prior to the institution of the action. It is contended that the court erred in so ruling.

The evidence, without contradiction, shows that the appellant has lived with his father at Irvine, Estill County, Kentucky, since his birth, save when he was out of the State attending the Alabama Polytechnic Institute. Between school terms he resided in Irvine with his father. He is registered under the Selective Service Act, 50 U.S. C.A.Appendix, § 451 et seq., with the local draft board in Estill County, which deferred him in order that he might complete his education. He has been a registered voter in Estill County since arriving at the age of 21.

We have held that a change in legal residence and domicile can be effected only by the exercise of a conscious volition. Russell v. Hill, Ky., 256 S.W.2d 508. There is no evidence in this case which tends to show that the appellant, by the exercise of a conscious volition, has attempted to change his residence from his birthplace. The fact that he was out of the State attending college obviously is inadequate for that purpose.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.