RENDERED:  MARCH 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1376-MR

MIRALEM BEKRIC                                                                  APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA JOHNSON, JUDGE
ACTION NO. 19-CI-502562

ALLISON BEKRIC                                                                  APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Miralem Bekric appeals from the Jefferson Circuit Court's

order, entered August 24, 2020, dismissing his petition for dissolution of marriage

and custody, having found that, in contravention of KRS[1] 403.140, Miralem was

not a resident of Kentucky for the requisite 180 days.  After careful review of the

---

[1]  Kentucky Revised Statutes.

briefs, record, and law, we affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## FACTS AND PROCEDURAL BACKGROUND

Miralem and Allison met and married in Colorado Springs, Colorado, in 2006. In 2008, they moved to Kentucky. The parties purchased a residence in 2012 and had two children born in Kentucky in 2013 and 2014.

In approximately July 2015, the family relocated to California, staying with Allison's relatives while she worked as a traveling nurse on temporary, short-term contracts. The family returned to Kentucky in March 2016 for a period of six months during which time they leased their Kentucky home, moved some furniture to Miralem's mother's home in the same neighborhood as their own, sold some items, and packed the rest to take to California. The family returned to California in September 2016.

For the next year, Allison continued to work temporary traveling nurse contracts, the children attended daycare, and Miralem, who is also a nurse, obtained a full-time position at the same hospital as Allison. Allison asserts they were looking to obtain their own residence in California; Miralem denies this. Allison testified they stayed in California the entire year; Miralem testified that he and the children returned to Kentucky multiple times, though he did not provide

specific times, and that they stayed at his mother's house, which he considers his Kentucky residence.

In September 2017, Miralem moved to Bosnia to attend medical school, while Allison and the children remained in California for the first year. Allison denied that she or the children spent any significant time in Kentucky during 2017. From fall 2017 to spring 2018, when she was between nursing contracts, Allison attended college in California claiming in-state tuition status. Miralem returned to the United States for one month in February 2018 and spent time in both Kentucky and California before returning to Bosnia. Thereafter, in May 2018, Allison and the children went to Kentucky to visit the children's paternal relatives. Allison stayed for one month before returning to California to work more temporary traveling nurse contracts. The children stayed in Kentucky an additional two months, returning to California in August 2018 so the oldest could start kindergarten. Miralem and Allison filed joint tax returns as California residents in both 2017 and 2018.

In October 2018, Allison and the children traveled to Bosnia to be with Miralem, and the children attended school there. Allison returned to California for three weeks in January 2019, as required by her visitor visa. She returned to Bosnia where she stayed until May 2019, at which time she and the children returned to California. In June 2019, Allison and the children went to

Kentucky for one month for a family wedding and to visit paternal relatives. Plane tickets were purchased for the children's return to California and then to Bosnia where they were enrolled for the 2019 school year.

On July 30, 2019, Miralem returned to the United States, and the following week he and Allison traveled to Mexico to work on their marriage. While there, Allison informed Miralem she wanted a divorce. Miralem returned to Kentucky and filed his petition for dissolution on August 21, 2019, with the Jefferson Circuit Court. Allison returned to California and filed her petition for dissolution one day later, on August 22, 2019 (this petition was subsequently amended to a petition for separation). Objections to jurisdiction were filed in both actions. The children remained in Kentucky with Miralem until September 2019, when Allison took the children to California without Miralem's consent.

The Kentucky action was held in abeyance pending a ruling from the California court. On May 19, 2020, after a two-day hearing, the California court entered an order finding that California was not the children's home state at the time of Allison's petition and declined to exercise jurisdiction. The Jefferson Circuit Court then conducted a hearing on Allison's motion to dismiss Miralem's action based upon her claim that Miralem was not a resident of Kentucky for the 180 days prior to filing of the petition, as required by KRS 403.140.

On August 24, 2020, the Jefferson Circuit Court entered an order finding that the requirements of KRS 403.140 had not been met and dismissing the action. Miralem moved to alter, amend, or vacate the judgment, which was denied, and timely brought this appeal. Additional facts will be introduced as they become relevant.

## ANALYSIS

Miralem first argues that the court erred in finding he did not satisfy the residency requirements of KRS 403.140. Before we consider the merits of this claim, we must determine the applicable standard of review. Miralem contends abuse of discretion is the correct standard, citing *Santise v. Santise*, 596 S.W.3d 611, 616 (Ky. App. 2020), wherein the Court asserted this was the applicable standard for review of a court's decision to decline or retain jurisdiction under the UCCJEA.[2] We disagree.

The residency requirement of KRS 403.140 pertains to a court's personal jurisdiction over a dissolution action. *See Jeffrey v. Jeffrey*, 153 S.W.3d 849 (Ky. App. 2004). This review is *de novo*. *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011). Nevertheless, the court's factual findings will not be disturbed unless clearly erroneous, and due regard is given to the

---

[2] Uniform Child Custody Jurisdiction and Enforcement Act, codified at KRS 403.800-403.880.

-5-

court's credibility determinations. CR[3] 52.01. "Findings of fact are not clearly erroneous if supported by substantial evidence. Substantial evidence is that evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people." *Weinberg v. Gharai*, 338 S.W.3d 307, 312 (Ky. App. 2011) (citing *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)).

KRS 403.140(1)(a) provides that to enter a decree of dissolution, the circuit court must find that "one (1) of the parties, at the time the action was commenced, resided in this state . . . and that the residence . . . has been maintained for 180 days next preceding the filing of the petition[.]" To satisfy this statutory requirement, a party must either maintain an actual physical presence in Kentucky for the requisite period or, as Miralem notes, the party must demonstrate that their absence from the Commonwealth was merely temporary in nature. *McGowan v. McGowan*, 663 S.W.2d 219, 222 (Ky. App. 1983). "[A] change in *legal* residence or domicile requires a physical act coupled with the intent to abandon the domicile previously established." *Hunter v. Mena*, 302 S.W.3d 93, 96 (Ky. App. 2010).

Miralem contends he satisfies the requirements of KRS 403.140(1)(a) where there is no evidence his absences from the Commonwealth were anything

---

[3] Kentucky Rules of Civil Procedure.

but temporary in nature and cites to *Broaddus v. Broaddus*, 280 S.W.2d 144 (Ky. 1955), and *McGowan*, 663 S.W.2d 219.

In *Broaddus*, the Court held that a husband seeking divorce had not evinced a conscious volition to change his residency from Kentucky, where he was born and lived his entire life, merely by attending school out of state when the husband returned to Kentucky during school breaks and maintained his voter and selective service registrations in Kentucky. 280 S.W.2d 144. In *McGowan*, the Court affirmed that KRS 403.140(1)(a) was satisfied where both spouses left Kentucky for the husband to obtain medical training but they continued to use a Kentucky address as their permanent address, registered and insured their car in Kentucky, kept Kentucky driver's licenses, and testified to their intent to return to Kentucky if the husband could find work. 663 S.W.2d 219. Miralem argues that his connections to Kentucky, coupled with his testimony regarding his desire to return for his residency, if possible, is analogous and necessitates reversal.

Contrary to Miralem's assertions, and as reflected by the court's findings, there was conflicting evidence regarding his residency. While Miralem notes he retained real property in Kentucky and maintained the attendant utilities and taxes associated therewith, this property had been continuously used as rental property since 2016 when the parties relocated to California, and the lease reflects a California address for Miralem. Miralem asserts their bank accounts were

associated with their Kentucky address, but Allison provided statements demonstrating that, at minimum, her account had been transferred to the California residence in 2016, although she continued to use checks listing the Kentucky residential address.

Miralem testified that he maintained a voter registration and driver's license in Kentucky but did not specify when he voted or renewed his license. Allison has a California driver's license, issued in 2017, which Miralem asserts she obtained only because she needed a valid license to maintain her employment and her Kentucky license had expired. Allison's employment contracts contain a Kentucky address in the letterhead; however, she provided documentation establishing that she declared California as her taxing state to her employer in 2018 and that the parties filed joint tax returns in California in both 2017 and 2018. Additionally, while Miralem characterizes his absences from Kentucky as being for educational purposes, he obtained a permanent full-time position in California prior to applying to medical schools all over the United States and in Bosnia.

Based on the above, the court concluded that the facts did not fit within the exception to the requirement for actual residency, as established by *Broaddus* and *McGowan* and, consequently, Miralem had not been a resident of Kentucky for the requisite 180 days preceding his petition. While another judge may have reached a different conclusion, the court's findings are supported by

substantial evidence. Consequently, the findings are not to be disturbed, and the court did not err in dismissing Miralem's claim for dissolution.

Miralem next argues that the court erred in declining to accept jurisdiction of his custody claim and in failing to communicate with the California court. Allison asserts there is no error where the obligation of interstate court communication arises under the UCCJEA and not under KRS 403.140.

We agree with Allison to the extent that KRS 403.140 does not require such communication. However, we conclude that the court erred by dismissing Miralem's petition *in toto* and failing to address his custody claim. While we have affirmed the court's dismissal of the dissolution claim, the residency requirements of KRS 403.140 do not extend to custody claims, and nothing in Kentucky jurisprudence necessitates that Miralem's custody claim fails *per se*. In fact, Kentucky law clearly contemplates that the issue of custody may be retained by the court despite the dismissal of a dissolution claim. *See* KRS 403.280(7), which provides that if a dissolution action is dismissed, a parent may "move[] that the proceeding[s] continue as a custody proceeding[.]"

Herein, Miralem petitioned for custody of his daughters, consistently argued the court should take up the issue, and raised the court's failure to reach the claim in his motion to alter, amend, or vacate. We believe this is sufficient to

satisfy KRS 403.280(7) and, consequently, find that the court erred by dismissing the action without addressing the custody claim.

## CONCLUSION

Therefore, and for the foregoing reasons, we affirm the dismissal of Miralem's dissolution action but reverse the dismissal of the underlying petition as it pertains to child custody and remand this matter to the Jefferson Circuit Court for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Louis P. Winner
Louisville, Kentucky

Allison S. Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Hugh Barrow
Louisville, Kentucky